1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERROL QUOCK,

11          Plaintiff,                    No. CIV 2:10-cv-0199-GEB-JFM (PS)

12      vs.

13   STAPLES, INC.,

14          Defendant.                    FINDINGS & RECOMMENDATIONS

15   _____/

16          This action, in which plaintiff is proceeding in propria persona, was referred to the

17   undersigned pursuant to Local Rule 72-302(c)(21).  Pending before the court is defendant's

18   January 25, 2011 motion for summary judgment.  Following plaintiff's second failure to file an

19   opposition or statement of non-opposition to defendant's motion pursuant to Local Rule 230(c),

20   plaintiff was granted a third and final opportunity to file a response on or before June 15, 2011.

21   See Doc. No. 25.  On May 17, 2011, plaintiff filed a statement of non-opposition to defendant's

22   motion.

23               FACTUAL AND PROCEDURAL BACKGROUND

24          Plaintiff filed this employment discrimination suit against defendant Staples, Inc.

25   ("Staples") on January 26, 2010.  It is proceeding on a first amended complaint ("FAC") filed

26   January 29, 2010 and brought pursuant to (1) Title VII of the Civil Rights Act, 42 U.S.C.

1

§ 2000(e) *et seq.*; (2) the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.*; (3) Cal. Bus. & Prof. Code § 17200 for unfair competition; (4) wrongful termination; (5) fraud; (6) negligent misrepresentation; and (7) defamation.  Plaintiff seeks compensatory, statutory and punitive damages, as well as declarative and injunctive relief.

Plaintiff's FAC is premised on allegations of race discrimination.  Plaintiff, who is of Chinese descent, began his employment with Staples on or about January 2005 as a part-time Material Handler.  FAC at 4-5.  On or about January 2007, plaintiff interviewed for a position as Manager of IT Global Infrastructure Western Region.  Id. at 5-6.  The managed region was comprised of the U.S. Western Region and the Asia Pacific Region.  Id. at 6.  Plaintiff  was informed that he "was a good fit for the position" after participating in a telephonic interview with Staples.  Id. at 6.  Approximately three days after a face-to-face interview, plaintiff learned that he and another individual, Doug Fagan, were both promoted to the position.  Id.  Due to the size of the Western Region, Staples divided the area into two distinct regions and assigned plaintiff to manage the Asia Pacific Region and Fagan to manage the U.S. Western Region.  Id.  On or about August 2007,  Fagan was promoted to Sr. Manager with plaintiff reporting directly to him.  Id. at 7.

Since February 2008, plaintiff alleges that Fagan has been verbally abusive, rude and would routinely shout and scream at him; this behavior was not exhibited in the presence of other individuals.  FAC at 7-8.  Fagan also allegedly referred to plaintiff in derogatory terms with reference to his ethnic background.  See id. at 8.

Plaintiff claims that despite positive performance reviews, Fagan placed plaintiff on a 90-day Performance Improvement Plan ("PIP") on or about June 2008.  FAC at 8-9. Plaintiff asserts that as a result of the PIP, his weekly meetings with his direct reports were monitored; he was advised to provide updates on his projects (which he claims were previously very positively received); and he did not receive responses to emails sent to individuals in senior management and Human Resources.  Id. at 9-10.

1    On September 3, 2008, plaintiff's employment with Staples was terminated.  FAC

2  at 11.  Staples cites plaintiff's poor work performance as the reason for his termination.  Plaintiff

3  claims that his termination was not for cause.  Id.

4                                           STANDARD

5    Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant

6  summary judgment if the movant shows that there is no genuine dispute as to any material fact

7  and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[1]  A shifting

8  burden of proof governs motions for summary judgment under Rule 56.  Nursing Home Pension

9  Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir.

10  2010).  Under summary judgment practice, the moving party

11        always bears the initial responsibility of informing the district court of the basis
        for its motion, and identifying those portions of "the pleadings, depositions,
12        answers to interrogatories, and admissions on file, together with the affidavits, if
        any," which it believes demonstrate the absence of a genuine issue of material
13        fact.

14  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P.

15  56(c)).  "Where the non-moving party bears the burden of proof at trial, the moving party need

16  only prove that there is an absence of evidence to support the non-moving party's case."  In re

17  Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 325); see also Fed. R.

18  Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does

19  not have the trial burden of production may rely on a showing that a party who does have the trial

20  burden cannot produce admissible evidence to carry its burden as to the fact").

21    If the moving party meets its initial responsibility, the opposing party must

22  establish that a genuine dispute as to any material fact actually does exist.  See Matsushita Elec.

23  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986).  To overcome summary

24

25        [1] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10,
    2010.  However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule
26  56, "[t]he standard for granting summary judgment remains unchanged."

1   judgment, the opposing party must demonstrate the existence of a factual dispute that is both

2   material, i.e., it affects the outcome of the claim under the governing law, see Anderson v.

3   Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores

4   Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010), and genuine, i.e., "'the evidence is such

5   that a reasonable jury could return a verdict for the nonmoving party,'" FreecycleSunnyvale v.

6   Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (quoting Anderson, 477 U.S. at 248).  A

7   party opposing summary judgment must support the assertion that a genuine dispute of material

8   fact exists by:  "(A) citing to particular parts of materials in the record, including depositions,

9   documents, electronically stored information, affidavits or declarations, stipulations . . . ,

10  admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do

11  not establish the absence or presence of a genuine dispute, or that an adverse party cannot

12  produce admissible evidence to support the fact."[2]  Fed. R. Civ. P. 56(c)(1)(A)-(B).  However,

13  the opposing party "must show more than the mere existence of a scintilla of evidence."  In re

14  Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

15          In resolving a summary judgment motion, the evidence of the opposing party is to

16  be believed.  See Anderson, 477 U.S. at 255.  Moreover, all reasonable inferences that may be

17  drawn from the facts placed before the court must be viewed in a light most favorable to the

18  opposing party.  See Matsushita, 475 U.S. at 587; In re Oracle Corp. Sec. Litig., 627 F.3d at 387.

19  However, to demonstrate a genuine factual dispute, the opposing party "must do more than

20  simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record

21  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

22  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

23  /////

24  _____

25     [2]  "The court need consider only the cited materials, but may consider other materials in
    the record."  Fed. R. Civ. P. 56(c)(3).  Moreover, "[a] party may object that the material cited to
    support or dispute a fact cannot be presented in a form that would be admissible in evidence."
26  Fed. R. Civ. P. 56(c)(2).

DISCUSSION

Staples seeks summary judgment on plaintiff's entire complaint for, inter alia, failure to exhaust administrative remedies; failure to set forth a *prima facie* case; failure to show that Staples' termination of plaintiff's employ was pretextual; and failure to show a causal connection between a protected activity and an adverse employment action.  In support, Staples submits plaintiff's performance reviews which evidence defendant's dissatisfaction with plaintiff's work performance; the declaration of Mark Mervine, plaintiff's direct supervisor, who declares that plaintiff was fired due to his failure to adequately perform the requirements of his position; and the declaration of Richard Markiewicz, a Human Resources Business Partner for Staples, who also declares that plaintiff was terminated from his position due to performance issues.

Staples presents evidence that it terminated plaintiff's employment due to his inadequate work performance.  Plaintiff provides no evidence suggesting otherwise.  As noted above, plaintiff has filed a statement of non-opposition to defendant's motion for summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 6, 2011.

4

5  _____
   UNITED STATES MAGISTRATE JUDGE

6

7  /014;quoc0199.msj

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26